# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TAVORIS L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CV419-268 |
| | ) |
| SHERIFF JOHN T. WILCHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint challenging the conditions of his confinement and prison policies. Doc. 1. He sought leave to proceed *in forma pauperis* (IFP), doc. 2, which was granted, doc. 3. As plaintiff has on three prior instances filed meritless actions while proceeding IFP, this clam should be **DISMISSED**. The Court also **VACATES** its prior order granting leave to proceed IFP and **RECOMMENDS** that the motion be denied.[1]

---

[1] The Complaint inaccurately reflects plaintiff's history of litigation before the federal courts. When asked to list any prior lawsuits brought while incarcerated, he lists one. Doc. 1 at 2. Moreover, he argues that he has never had a case dismissed on the ground that it was frivolous, malicious, or failed to state a claim. The Court has, however, identified six cases brought by plaintiff prior to this action: CV415-095 (*Johnson v. Fogel*), CV415-131 (*Johnson v. Raines*), CV415-237 (*Johnson v. Fogel, et al.*), CV416-036 (*Johnson v. Harris, et al.*), CV417-181 (*Johnson, et al. v. Wilcher*), CV417-192 (*Johnson v. Wilcher*). In the Complaint, plaintiff also inaccurately claimed that none of these cases were dismissed, after being allowed to proceed *in forma pauperis*, for being frivolous, being malicious, or failing to state a claim. Doc. 1 at 3. The Court has identified at least three cases that were dismissed for one of those

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff has filed several prior cases with this Court; of which, three qualify as strikes under § 1915(g): CV415-095 (*Johnson v. Fogel*), CV415-131 (*Johnson v. Raines*); and CV 417-192 (*Johnson v. Wilcher*).

In *Johnson v. Fogel*, plaintiff brought a 42 U.S.C. § 1983 action against his public defender seeking a full acquittal of his criminal charges. CV415-095, doc. 1. This Court dismissed the Complaint as frivolous on multiple grounds.  First, plaintiff sought injunctive relief—the dismissal of state criminal charges—that was unavailable through § 1983. CV415-095, doc. 6 at 2–3.  Second, the relief sought was dependent on the improper incursion of the federal courts into a state criminal action.  *Id*. at 3–4.  Third, as his public defender was not acting under the color of state law, she was not a proper party to a § 1983 action.  *Id*. at 4.  As the

---

reasons.  CV415-095, CV415-131, and CV 417-192.  Those cases are discussed in detail below.

Complaint was "patent[ly] baseless," *id*. at 4, it was dismissed with prejudice. CV415-095, doc. 8.

In *Johnson v. Raines*, plaintiff brought another § 1983 claim against a different public defender in a state criminal court proceeding, alleging that the attorney failed to seek a speedy trial. CV415-131, doc. 1. This case suffered the same defect as his other § 1983 claim, as a public defender is not subject to suit under § 1983. CV415-131, doc. 6 at 2. The Court dismissed the claim with prejudice for failure to state a claim upon which relief could be granted. CV415-131, doc. 9.

Plaintiff also joined several other inmates in bringing an action against Sheriff John Wilcher, challenging a policy decision to not evacuate the Chatham County Detention Center during Hurricane Irma. CV417-181, doc. 1. Following the issuance of the magistrate judge's recommendation that the case should be dismissed because PLRA prohibits mutli-plaintiff litigation, CV417-181, doc. 3, plaintiff filed a separate action to pursue the claim individually. CV417-192, doc. 1. This claim was ultimately dismissed with prejudice, as the Court found that plaintiff failed to allege a viable Constitutional violation. CV417-181, doc. 10 (adopting Report and Recommendation, CV417-192, doc. 8). As plaintiff has accumulated three strikes under § 1915(g), he is barred from bringing further claims IFP.

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Though plaintiff has alleged that prison policies make his stay in Unit 2D uncomfortable,[2] he has not alleged "imminent danger of serious physical injury."

As plaintiff has failed to allege an "imminent danger of serious physical injury," his motion to proceed IFP should be **DENIED**. Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. Therefore, it is **RECOMMENDED** that the

---

[2] To be sure, plaintiff comes close to meeting these standards with an allegation that the Sheriff is prohibiting him from accessing drinking cups and receiving certain unspecified medication ("creams and ointments"). Doc. 1 at 6. However, the lack of detail contained within these statements coupled with the lack of any complaint of harm in his complaint at all makes it difficult to discern whether plaintiff meets the high bar of the exception. He is of course, entitled to provide further detail in any objection he files.

Complaint be **DISMISSED without prejudice**, barring remittance of the $400.00 filing fee.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,* 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 30th day of October, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA